## THE ARKANSAN.
### SEA INS. CO., Limited, et al. v. AMERI-CAN–HAWAIIAN S. S. CO.
#### No. 9210.

Circuit Court of Appeals, Ninth Circuit.

April 12, 1940.

Rehearing Denied June 3, 1940.

Bigham, Englar, Jones & Houston, of New York City, and Young & Kelly, of Los Angeles, Cal. (Leonard J. Matteson and Andrew J. McElhinney, both of New York City, and H. R. Kelly and Frank R. Johnston, both of Los Angeles, Cal., of counsel), for appellants.

Frederick W. Dorr, Archie M. Stevenson, and Dorr & Stevenson, all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by the Sea Insurance Company, Ltd., and other insurers, subrogees of payers of general average claims arising from a collision between the steamers Knoxville City and the Arkansan in the harbor of San Pedro, California, from a final decree dismissing their libel against the Arkansan.

The appeal was argued at the same time as those of the Isthmian Steamship Company v. American-Hawaiian Steamship Company, 9 Cir., 112 F.2d 223, this day decided in favor of the owners of the Arkansan.

Appellants urge the same faults in the Arkansan's navigation which were claimed in the Isthmian Steamship Company case, and which we have held were not committed. In addition, they claim that the Arkansan was in fault because she failed to maintain a competent and efficient lookout and because she failed promptly to reverse her engines.

With regard to the lookout it is not questioned that a competent seaman was at the Arkansan's bow. It is claimed he should have seen sooner the Knoxville City's lights as she moved behind the three anchored ships, the fishing boats and the lighthouse, and that if he had done so the Arkansan would not have entered until the Knoxville City had passed out to sea.

Our holding that the Arkansan had committed no fault in arriving at the point where she saw the Knoxville City and that it was then proper to proceed into the harbor at a 3 to 4 knot speed answers this contention. The failure sooner to see the Knoxville City in no way contributed to the collision.

Fault is claimed because in the last 1½ minutes when the Knoxville City was rapidly approaching, the Arkansan waited half a minute between her "stop" and reversing full speed. It cites cases holding that when a privileged vessel in imminent danger stops engines she must reverse at once. There is no such universal rule. Here the Arkansan's captain testifies it seemed that the turning of the Knoxville City tended towards his stern, whereas she struck her bow. The half minute wait to reverse was due to the confusion in the Arkansan's captain's mind because her vessel had been put in extremis by the glaring faults of the opposing vessel. As held by the Supreme Court in The Maggie J. Smith, 123 U.S. 349, 355, 356, 8 S.Ct. 159, 162, 31 L.Ed. 175: "The rule is well stated by counsel, that 'if one vessel is brought into immediate jeopardy by the fault of another, the fact that an order other than that which was given might have been more fortunate will not prevent the recovery of full damages;' or, as stated by the court of appeal of England, in the case of The Bywell Castle, L.R. 4 Prob.Div. 219, as quoted in the case of The Elizabeth Jones, 112 U.S. [514], 516 [526], 5 S.Ct. 468 [28 L.Ed. 812]: 'Where one ship has, by wrong maneuvers, placed another ship in a position of extreme danger, that other ship will not be held to blame if she has done something wrong, and has not been maneuvered with perfect skill and presence of mind.'"

Affirmed.